**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2120-21

IN THE MATTER OF
ALENA B. HECKSHER,
L.S.W., APPLICATION FOR
L.C.S.W. LICENSE.

_____

Argued November 27, 2023 – Decided January 18, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Division of Consumer Affairs, New Jersey State Board of Social Work Examiners.

Michael S. Karpoff argued the cause for appellant Alena B. Hecksher (Hill Wallack LLP, attorneys; Michael S. Karpoff, on the briefs).

Siobhan B. Krier, Deputy Attorney General, argued the cause for respondent State Board of Social Work Examiners (Matthew J. Platkin, Attorney General, attorney; Donna Sue Arons, Assistant Attorney General, of counsel; Siobhan B. Krier, on the brief).

PER CURIAM

Alena Hecksher appeals from a final agency decision by the New Jersey

State Board of Social Work Examiners (the Board), which denied her application

for licensure as a licensed clinical social worker (LCSW). The Board determined that Hecksher had failed to demonstrate that she had sufficient experience in the practice of clinical social work, particularly in psychotherapeutic counseling, to be an LCSW. Because we discern nothing arbitrary, capricious, or unreasonable in the Board's final determination, we affirm.

I.

On October 18, 2017, Hecksher applied for licensure as an LCSW. The material submitted in support of her application demonstrated that she had completed a master's degree in social work in May 2011. She had also been licensed as a social worker and had a certification as a screener. Hecksher had worked at the National Council on Alcoholism and Drug Dependence-New Jersey (NCADD-NJ). In her application, Hecksher maintained that she had completed 1,920 hours of face-to-face, supervised client contact in clinical services between October 2013 and November 15, 2016, under the supervision of Jennifer Drake, an LCSW.

The Board first reviewed Hecksher's application at a meeting in January 2018. The Board concluded that Hecksher did not meet the licensure requirements because her work at NCADD-NJ involved screening and did not

2

require her to use clinical judgment. The executive director of the Board informed Hecksher of the Board's decision in a letter, dated January 19, 2018. Hecksher promptly appealed that decision to the Board and submitted additional information, including a revised job description of her role as a care coordinator at NCADD-NJ.

At a meeting held on April 11, 2018, the Board reviewed Hecksher's letter of appeal and concluded that the additional documentation submitted still did not evidence sufficient clinical social work experience. Nevertheless, on April 24, 2018, the Board sent Hecksher a letter requesting her to submit logs detailing the face-to-face clinical contact hours she had with patients, as well as three patient records demonstrating clinical intervention. Thereafter, Hecksher communicated with a representative of the Board to clarify the information the Board was seeking. She then supplied additional documentation to the Board and asked the Board to again consider her application.

In September 2019, the Board reconsidered Hecksher's application, including the newly submitted documents. The Board again found that there was insufficient evidence demonstrating that Hecksher had provided clinical social work services directly to patients. On September 27, 2019, the acting executive director of the Board sent Hecksher a letter, explaining that the

materials she submitted did not document that she had performed psychotherapeutic counseling. The director also advised Hecksher that she should "secure[] employment with a role that conforms to the definition of clinical social work services set forth in N.J.A.C. 13:44G-1.2," and that if Hecksher gained that experience, she could submit an update to her application.

Thereafter, Hecksher retained legal counsel, and her counsel engaged in a series of communications with a representative of the Board for several months. On July 9, 2021, Hecksher's counsel submitted additional materials and requested the Board reconsider Hecksher's application. The new materials included "case studies," which were narratives prepared by Hecksher describing what she represented to be clinical interactions. The letter from Hecksher's counsel also maintained that Hecksher's application should be considered under the pre-2018 standards for LCSW licensure, and not the amended regulations that took effect in 2018.

At an August 11, 2021 meeting, the Board considered the new materials submitted by Hecksher and concluded that the case studies were not contemporaneously prepared treatment records, as required by N.J.A.C. 13:44G-12.1. Accordingly, the Board again rejected Hecksher's application, finding that

she had not demonstrated the clinical experience required for licensure under the pre-2018 regulations that were in place at the time of her original application.

The Board, however, did not inform Hecksher of its decision until February 2, 2022. On that date, the Board sent Hecksher a letter explaining that it denied her application because the case studies she submitted did not "show evidence of sufficient psychotherapeutic counseling."

On March 16, 2022, Hecksher filed an appeal to us from the Board's February 2, 2022 decision. The following month, on April 6, 2022, the Board issued an amplified decision, explaining its reasons for rejecting Hecksher's application for licensure.

Thereafter, the parties disputed the items comprising the record on appeal. Hecksher then filed a motion to supplement and settle the record, and the Board filed a motion for a remand. On July 25, 2022, we remanded the matter for thirty days, directing the parties to agree upon the items comprising the record and directing the Board to consider all the items in the record and issue a new final decision.

On remand, the Board reconsidered Hecksher's application and reviewed all the materials that had been submitted in support of her application. On August 25, 2022, the Board issued an "Addendum to Amplified Decision,"

5

which constituted its final agency decision denying Hecksher's application for LCSW licensure. In its August 25, 2022 decision, the Board concluded that Hecksher had failed to demonstrate that she completed "an essential requirement for LCSW licensure[—]namely, she has failed to demonstrate the completion of two years of full-time experience in the practice of clinical social work under the supervision of a clinical social worker licensed by this State (or otherwise eligible for licensure or acceptable to the [B]oard)." In making that determination, the Board explained that it had considered Hecksher's application under the regulations in place at the time of her application in October 2017. The Board reasoned that its regulations had always required proof that the applicant had engaged in supervised psychotherapeutic counseling because that counseling was "an essential aspect of clinical social work services that must be practiced under supervision before [an applicant] can safely practice independently." Hecksher now appeals from the Board's August 25, 2022 final agency decision.

II.

On appeal to us, Hecksher focuses her challenges on the Board's requirement that she prove a sufficient level of experience in psychotherapeutic counseling. In that regard, she advances six arguments, contending that the

Board's denial of her application was arbitrary, capricious, and unreasonable because: (1) the regulations in 2017 did not require any hours of psychotherapeutic counseling; (2) the Board's addition of a psychotherapeutic counseling requirement was an unenforceable rule not properly adopted under the Administrative Procedure Act; (3) the imposition of a requirement not set forth in the Board's regulations was an unconstitutional denial of her due process rights; (4) the regulations in 2017 did not expressly require psychotherapeutic counseling, and the imposition of that requirement should be void for vagueness; (5) the Board's denial was not supported by substantial, credible evidence and was wholly conclusory; and (6) if applicants for licensure under the pre-2018 regulations needed to demonstrate experience in psychotherapeutic counseling, Hecksher satisfied that requirement.

The Board concedes that Hecksher's application for licensure was governed by its pre-2018 regulations. Indeed, the Board expressly stated in its ruling that it was using the regulations in place in 2017 in evaluating Hecksher's application, which was filed in October 2017. Accordingly, all of Hecksher's arguments hinge on whether the regulations in 2017 required some level of experience in psychotherapeutic counseling. We, therefore, focus our analysis on that issue.

A-2120-21

In doing so, we use the well-established standard of review of final administrative agency decisions. That review is limited and deferential. See Stein v. Dep't of L. & Pub. Safety, 458 N.J. Super. 91, 99 (App. Div. 2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). Appellate courts will uphold an agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017)). In evaluating whether the decision was arbitrary, capricious, or unreasonable, we examine:

> (1) [W]hether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Stallworth, 208 N.J. at 194 (quoting Carter v. Township of Bordentown (In re Carter), 191 N.J. 474, 482-83 (2007)).]

In addition, courts are "obliged to give due deference to the view of those charged with the responsibility of implementing legislative programs." In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 444 (App. Div. 2015) (quoting Pachoango Assocs. v. N.J. Pinelands Comm'n (In re N.J. Pinelands Comm'n Resol. PC4-00-89), 356 N.J. Super. 363, 372 (App. Div. 2003)). So,

appellate courts "give substantial deference to an agency's interpretation of the statute it is charged with carrying out, as well as to the interpretation the agency itself gives to its own regulations." Fedor v. Nissan of N. Am., Inc., 432 N.J. Super. 303, 320 (App. Div. 2013). That deference is due "because 'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" US Bank, N.A. v. Hough, 210 N.J. 187, 200 (2012) (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). Nevertheless, courts will not defer to an agency's interpretation of its own regulations if that interpretation is "plainly unreasonable." Ibid.

A. The Requirements for Licensure as an LCSW.

The requirements for licensure as an LCSW are set forth in the Social Workers' Licensing Act of 1991, N.J.S.A. 45:15BB-1 to -13, and its associated regulations, N.J.A.C. 13:44G-1.1 to -15.8. N.J.S.A. 45:15BB-6(a) sets forth four qualifications for becoming an LCSW. That subsection states:

> a. The [B]oard shall issue a license as a "licensed clinical social worker" to an applicant who has:
>
> (1) Received a master's degree in social work from an educational program accredited, or in candidacy for accreditation, by the Council on Social Work Education, or a doctorate in social

9

work from an accredited institution of higher education;

(2) Had at least two years of full-time experience in the practice of clinical social work under the supervision of a clinical social worker licensed by this State or who, by virtue of the supervisor's education and experience, is eligible for licensure in this State as a licensed clinical social worker, or any other supervisor who may be deemed acceptable to the [B]oard;

(3) Satisfactorily completed minimum course requirements established by the [B]oard to ensure adequate training in methods of clinical social work practice; and

(4) Passed an appropriate examination provided by the [B]oard for this purpose.

[Ibid.]

"Clinical social work" is defined as "the professional application of social work methods and values in the assessment and psychotherapeutic counseling of individuals, families, or groups. Clinical social work services shall include, but shall not be limited to: assessment; psychotherapy; client-centered advocacy; and consultation." N.J.S.A. 45:15BB-3. "Psychotherapeutic counseling" is defined as "the ongoing interaction between a social worker and an individual, family or group for the purpose of helping to resolve symptoms of mental

disorder, psychosocial stress, relationship problems or difficulties in coping with the social environment, through the practice of psychotherapy." Ibid.

The dispute on this appeal focuses on subsection (2) of N.J.S.A. 45:15BB-6(a). Specifically, the issue is whether in or before 2017, the two years of full-time experience called for in subsection (2) required some amount of psychotherapeutic counseling. Before 2018, the regulations governing the requirements for becoming an LSCW stated:

> For purposes of this section, "two years of full-time clinical social work" means 1,920 hours of face-to-face client contact within any three consecutive year period subsequent to earning a master's degree in social work under direct supervision pursuant to the standards set forth in N.J.A.C. 13:44G-8.1.
>
> [N.J.A.C. 13:44G-4.1 (2008).]

N.J.A.C. 13:44G-8.1 (2012), in turn, required that the applicant have regular contact with and supervision by an LCSW. The Board's regulations in 2017 defined "[c]linical social work services" as including: (1) clinical assessment; (2) clinical consultation; (3) psychotherapeutic counseling; (4) client-centered advocacy; and (5) clinical supervision of individuals pursuant to the standards set forth in N.J.A.C. 13:44G-8.1. N.J.A.C. 13:44G-1.2 (2008).

In 2018, the Board amended its regulations so that N.J.A.C. 13:44G-4.1 now reads:

> For purposes of this section, "two years of full-time clinical social work" means 3,000 hours under direct supervision . . . subsequent to earning a master's degree in social work. The 3,000 hours shall be completed in no less than two years and no more than four years. At least 1,920 hours of the 3,000 hours shall be in face-to-face client contact, and half of these 1,920 hours shall be in psychotherapeutic counseling. The other 1,080 hours can include time spent in supervision or other social work services.
>
> [N.J.A.C. 13:44G-4.1(a).]

The amendment expressly stated that it was to apply prospectively because it included a grandfather clause for applicants who had begun accruing experience prior to the effective date of the amendment. See N.J.A.C. 13:44G-4.1(c) (stating "[n]otwithstanding (a) above, an applicant who began clinical social work experience under supervision prior to September 17, 2018, will be deemed to have completed two years of full-time clinical social work if he or she has completed 1,920 hours of face-to-face client contact"). When the Board made the change to this regulation, it explained its reasons for doing so by stating that the amendment was to "ensure[] that licensed clinical social workers have adequate experience in psychotherapy prior to obtaining a license that allows them to practice independently." See 49 N.J.R. 2750(a) (Aug. 21, 2017).

As already noted, the issue on this appeal is whether the regulations in 2017 required some amount of psychotherapeutic counseling to obtain a license

12

as an LCSW. The Board argues that psychotherapeutic services were always a component of "clinical social work services." In support of that position, the Board points out that the statutory definition of "[c]linical social work" includes "psychotherapeutic counseling of individuals, families, or groups." N.J.S.A. 45:15BB-3. Moreover, clinical social work services are statutorily defined to include "psychotherapy." Ibid. The Board goes on to contend that when it amended its regulations in 2018, it clarified that the two years of full-time clinical social work required at least 960 hours of psychotherapeutic counseling. In other words, psychotherapeutic counseling was always a requirement for licensure, but the 2018 amendment made it clear that at least half of the 1,920 hours of face-to-face client contact must be in psychotherapeutic counseling.

We cannot say that the Board's interpretation of the governing statute and its regulations is arbitrary, capricious, or unreasonable. The licensure statute has always required two years of full-time experience in the practice of clinical social work. N.J.S.A. 45:15BB-6(a)(2). The Legislature has defined "[c]linical social work" to include psychotherapeutic counseling. N.J.S.A. 45:15BB-3. Moreover, both before and after 2018, the Board's regulations defined clinical social work services to include "[p]sychotherapeutic counseling." N.J.A.C. 13:44G-1.2. In other words, the psychotherapeutic counseling requirement is

consistent with the plain language of the statute and the pre-2018 regulations. See N.J.S.A. 45:15BB-3; N.J.A.C. 13:44G-1.2, -4.1 (2008).

B.    Hecksher's Arguments.

Having determined that the Board's interpretation of the governing statute and its regulations is reasonable, we determine that Hecksher's arguments are without merit.  First, the regulations in 2017 did require some amount of psychotherapeutic counseling.  Second, the Board was not adding a psychotherapeutic counseling requirement because the regulations in place in 2017 called for that counseling and, therefore, there was no violation of the Administrative Procedure Act, 5 U.S.C. §§ 551-559.  Third, because the regulations in 2017 required some amount of psychotherapeutic counseling, there was no violation of Hecksher's due process rights.  Fourth, there was no void-for-vagueness problem in the pre-2018 regulations because those regulations expressly included psychotherapeutic counseling.  See N.J.A.C. 13:44G-1.2 (2008).  Fifth, the Board's decision was supported by substantial, credible evidence.  The Board considered Hecksher's application on five different occasions and repeatedly found that Hecksher had not submitted evidence showing that she had engaged in any psychotherapeutic counseling.

14                                                     A-2120-21

Finally, Hecksher did not satisfy the psychotherapeutic counseling requirement to support her application for licensure as an LCSW.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2120-21